·THE STATE v. BUSTER, *Appellant.*

Criminal Law: GUARDIAN DEFILING WARD: INDICTMENT. An indictment under section 1260 of the Revised Statutes, charging a defendant with defiling a female, under eighteen years of age, who has been confided to his care and protection, while she remained in his care, custody, or employment, must allege that the female was under the age of eighteen years; that she was confided to the care of the defendant, and that he defiled her by carnally knowing her while she remained in his care, custody or employment. Failure to allege any one of these things is fatally defective.

*Appeal from Andrew Circuit Court.*—HON. H. S. KELLEY, Judge.

REVERSED.

*David Rea* and *T. H. Parrish* for appellant.

The demurrer should have been sustained to the indictment. There is no allegation in the indictment that the prosecutrix was defiled by the defendant while she was, or remained in his care, custody or employment. The statute of 1879, the statute in force at the time of the alleged commission of the offence, amends the statute of 1865 by adding the words, "while she remains in his care, custody or employment." See R. S., 1865, p. 816, sec. 9; R. S., 1879, vol. 1, p. 222, sec. 1260. The indictment was drawn from the form given in Kelly's Criminal Law before the adoption of the statutes of 1879, and was, therefore, drafted without reference to said amendment. See Kelly's Criminal Law, p. 485, sec. 851. The author, in the revised edition of his work, concedes the insufficiency of the form given in his original edition, and suggests that the form of the indictment should be varied to correspond with the amended

statute. See Revised or Supplemental Edition, p. 35, sec. 73. The offence, as it now stands, consists in a guardian or other person defiling a female, etc., who shall have been confided to his care, protection or employment, while she remains in his care, custody or employment. These facts, therefore, should have been stated in the indictment. It is charged in the indictment that the prosecutrix had been confided to the care and protection of the defendant, and that the defendant had defiled her, etc., but it is not charged that he defiled her while she remained in his care, custody or employment. We submit, therefore, that the demurrer should have been sustained. *Rothschild v. Frensdorf*, 21 Mo. App. 318-22; *Moffatt v. Conklin*, 35 Mo. 453.

*B. G. Boone*, Attorney General, for the state.

An indictment which sets forth all the facts necessary to constitute an offence, as created and defined by statute, is sufficient. *State v. Anderson*, 81 Mo. 78; *State v. Madden*, 81 Mo. 421. While the indictment, in the case at bar, does not employ the exact language of the statute in this, that it does not charge that defendant defiled the girl, "while she remained in his care, custody and employment," the substantial language is used in charging that "he feloniously, carnally knew her and had carnal knowledge of her body, she, the said Hettie Jarvis, being then and there confided to the care and protection of him, the said Charles B. Buster," etc. The defendant clearly had such care and protection of the girl during her stay at his house as is contemplated by the statute. Sec. 1260, *supra;* Bish. Stat. Cr., sec. 632. Our statute is more general than that of Iowa on the same subject, where it is held that "those with whom a girl resides as a member of the family, and who have her wholly under their care and protection, have such legal charge of her person as to come within the provisions of

the section under consideration." *State v. Rabsuhl*, 8 Iowa, 447. Our own Supreme Court, as early as 1839, under a statute substantially the same as the one now being considered, held that not only guardians were included, but all other persons to whose care or protection a girl had been confided. *State v. Acuff*, 6 Mo. 54; *State v. Jones*, 16 Kan. 608.

SHERWOOD, J.— The defendant was indicted under the provisions of section 1260, Revised Statutes, 1879, which is as follows : "If any guardian of any female under the age of eighteen years, or any other person to whose care or protection any such female shall have been confided, shall defile her, by carnally knowing her [while she remains in his care, custody or employment,] he shall, in cases not otherwise provided for, be punished by imprisonment in the penitentiary not exceeding five years, or by imprisonment in the county jail not exceeding one year, and a fine not less than one hundred dollars." On being tried he was found guilty and his punishment assessed at two years imprisonment in the penitentiary. At a previous term there had been a mistrial  The indictment was in this form :

"The grand jurors of the state of Missouri charged to inquire within and for the body of the county of Andrew and state aforesaid, upon their oath present and charge that Charles B. Buster, on the twentieth day of July, A. D., 1882, at the county of Andrew and state of Missouri, being then and there a person to whose care and protection one Hettie Jarvis, a female under the age of eighteen years, to-wit: of the age of sixteen years, had been, and was, then and there confided, her, the said Hettie Jarvis, unlawfully and feloniously did defile, by then and there unlawfully and feloniously, carnally knowing her and having carnal knowledge of her body, *she, the said Hettie Jarvis, being then and there con-*

*fided to the care and protection of him, the said Charles B. Buster*, against the peace and dignity of the state."

I have marked with brackets the addition made to the statute as it existed prior to its amendment. 1 W. S. p. 500, sec. 9.

The sufficiency of the indictment was questioned in the trial court, and it is again questioned here. Treating of the subject of the allegations necessary in the indictment, Mr. Bishop, in his admirable treatise, says: "The doctrine of the courts is identical with that of reason, namely: that the indictment must contain an allegation of every fact which is legally essential to the punishment to be inflicted. This doctrine pervades the entire adjudged law of criminal procedure. It is made apparent to our understandings, not by a single case only, but by all the cases. Wherever we move in this department of our jurisprudence, we come in contact with it. We can no more escape from it than from the atmosphere which surrounds us." 1 Bish. Crim. Proc., sec. 81. Elsewhere, the learned author observes : "The right of the accused person to have every element of his supposed crime, in other words every individual thing which the law has specified as constituting any part of the foundation for its punishment, set down in allegation in the indictment, is secured in this country by constitutional guarantees." *Ib.* sec. 86. "But the 'nature and cause' of an accusation are not stated where there is no mention of the full act and series of acts for which the punishment is to be inflicted. * * * There can be neither indictment nor information, except in writing, which, to justify the whole punishment, must specify the whole crime." *Ib.* sec. 88. "Wisely, therefore, the law requires the allegation to be full. As already shown, every fact which is an element in a *prima facie* case of guilt must be stated ; otherwise there will be at least one thing which the accused person is entitled to know whereof he is not informed, and that he may be certain

what each thing is, each must be charged expressly, and nothing left to intendment. All that is to be proved must be alleged." *Ib.* sec. 519.

On this point, Porter, J., in *Mears v. Commonwealth,* 2 Grant [Pa.] 385, expresses his views very happily, saying: "In the spirit of that principle which presumes innocence until guilt be established, we infer that which is not charged in the indictment, does not exist, and it is the business of the pleader to exclude, by proper averments, the conclusions to which the accused is thus entitled." See, also, *State v. Hayward,* 83 Mo. 299, and cas. cit.

Does this indictment "contain an allegation of every fact which is legally essential to the punishment to be inflicted on the defendant?" Is "every element of his supposed crime," "every individual thing which the law has specified as constituting any part of the foundation for its punishment, set down in allegation in the indictment?" Is "all that is to be proved" specified in the indictment? Is "every fact which is an element *in a prima facie* case of guilt stated?" I cannot persuade myself that affirmative answers can be returned to any of these questions. Take the section and analyze it. What facts must be proven in order to make the defendant's case fall within its prohibition? Plainly these: First, that the female was under the age of eighteen years; second, that she was confided to the care of the defendant; third, that he defiled her by carnally knowing her; fourth, while she remained in his care, custody or employment. All of these facts, and each of these facts, was necessary to be proved, and, therefore, necessary to be alleged. The failure to *prove* any one of them, would have been fatal on the ground of lack of *evidence,* and the failure to *allege* any one of them, must be equally fatal on the ground of the lack of "*allegation* of every fact which is an element in a *prima facie* case of guilt." Either this position is correct, or else it must

The State v. Buster.

be true that all that is proved "need not be alleged;" that the indictment need not "contain an allegation of every fact which is legally essential to the punishment to be inflicted," and that some things can be "left to intendment."

It is urged, on behalf of the state, that the words in the indictment which I have underscored, make the indictment good. This conclusion is unwarranted; those words are but a repetition of what had already been alleged, and were, therefore, unnecessary, and in any event can only be construed as referring to a fact previously stated. If the indictment was good before their insertion, their subsequent insertion did not strengthen the indictment under the old law, nor supply the place of the additional words which the legislature saw fit to insert as a new ingredient of the crime in question. The construction sought to be put upon the indictment would nullify the force and effect of the amendatory words, and reduce the statute to its original and unamended condition. Such a result is not to be permitted. Full force and effect is to be given to the amendatory words, and they must be held to mean something, requiring their allegation, as well as their proof, in order to a successful prosecution.

It results that the judgment should be reversed, and the cause be remanded. All concur, except Norton, C. J., who dissents.