The State v. Terry.

---

THE STATE v. TERRY, *Appellant.*

DIVISION TWO.

1. **Criminal Law:** EMPLOYER DEFILING FEMALE SERVANT: INDICT-MENT. An indictment under Revised Statutes, 1879, section 1260, against a master for defiling a servant which charges that the defendant committed the offense against a female under eighteen

The State v. Terry.

years of age, she "then and there being in the care, custody and employment" of defendant, sufficiently alleges that the crime was committed "while she remained in his care, custody or employment."

2.  ———: ———: STATUTE.    The mere employment of the female as a domestic servant in the family of the defendant creates a confiding to his care and protection within the meaning of the statute.

3.  ———: ———: ———.    Nor is it material whether the contract of employment be made by the female herself or through the intervention of a third person.

4.  ———: ———: INSTRUCTION: HARMLESS ERROR.    Where the evidence showed that the female herself had made the contract of employment. an instruction to the effect that it was sufficient, if she was confided to the defendant's care by her widowed mother by whom a former contract had been made, will be deemed harmless and no ground for reversal of the judgment.

5.  ———: ———: IMPEACHING EVIDENCE.    Where defendant's wife testified that the girl before leaving their house admitted that she had had intercourse with another man, a letter written by the wife to the girl after she left, expressive of the most cordial feelings towards the girl, was competent to discredit the wife's evidence, and the fact that the letter might have tended to show the intimate relations between the girl and defendant's family could not have injured him, if considered by the jury for that purpose; since it was proved and conceded by the defendant that the girl was confided to his care within the meaning of the statute.

*Appeal from Sullivan Circuit Court.*—HON. G. D. BURGESS, Judge.

AFFIRMED.

*A. C. Eubanks* and *A. W. Mullins* for appellant.

(1) The indictment was insufficient, and the demurrer to it ought to have been sustained. Kelley's Crim. Prac., sec. 851; *State v. Buster*, 90 Mo. 514. (2) The court erred in admitting in evidence the letter, dated September 7, 1888, from Mrs. Terry, the defendant's wife, to Celia Steele, the prosecuting witness.

The State v. Terry.

Mrs. Terry was incompetent to testify against her husband, and no statement of hers, whether in writing or oral, made without the knowledge or direction of her husband should have been admitted.   1 R. S. 1889, sec. 4218; *State v. Arnold*, 55 Mo. 91; *State v. Berlin*, 42 Mo. 572; Wharton's Crim. Ev. [8 Ed.] sec. 390, and note 1; 1 Greenl. Ev., sec. 334.   (3) Instruction, numbered 1, given for the state is misleading and vicious. *State v. Brown*, 104 Mo. 365.   (4)  Defendant's eighth instruction should have been given, and defendant's tenth instruction was improperly refused.   *State v. Dwire*, 25 Mo. 553; *State v. Mix*, 15 Mo. 153; *State v. Gee*, 85 Mo. 647.   (5)  The court erred in refusing to give defendant's instruction, numbered 11.   R. S. 1889, sec. 3487.   (6)  Defendant's twelfth instruction should have been given.   *State v. Buster*, 90 Mo. 514; *State v. Strattman*, 100 Mo. 540.   (7)  The court committed manifest error in refusing to give defendant's thirteenth instruction.   The presumption of innocence "is a substantial rule, operating during the whole trial, and continuing to operate until the case is finally determined."   Wharton's Crim. Ev. [8 Ed.] sec. 330; *State v. Gonce*, 79 Mo. 600; *State v. Jones*, 78 Mo. 278.

*John M. Wood*, Attorney General, for the State.

(1)  The indictment contains every essential element under Revised Statutes, 1879, section 1260.   (2) The letters complained of were properly introduced in evidence.   (3)  The first instruction on the part of the state properly declared the law.   R. S. 1879, sec. 1260; *State v. Young*, 99 Mo. 284.   (4)  The second instruction, which told the jury that the variance between the name of the prosecutrix, as charged and proven, was proper.   R. S. 1889, sec. 4114.   (5)  The third, as to the admissions, etc., of defendant, was correct.   *State v. Hill*, 65 Mo. 84.   (6)  No error was committed in modifying instruction, numbered 2, asked by defendant.

*State v. Young, supra.*   (7)   No error was committed in refusing instructions, numbered 6, 7, 9 and 13.   They were all upon the question as to reasonable doubt, and the court had fully and properly declared the law as to reasonable doubt in other instructions given on the part of the state and the defendant.   (8)   The eighth instruction was properly refused ; it did not declare the law.   *State v. Young, supra.*   However, it was embraced in instruction, numbered 1, on the part of the state, and 2 and 4 on the part of the defense, on the theory upon which the court tried the case, which was more liberal to defendant than was authorized under the ruling in *State v. Young.*   (9)   Instruction, numbered 10, asked by defendant, was properly refused, as it was embraced within instructions, numbered 5 and 6, given on the part of the state.   (10)   No error was committed in refusing instructions, numbered 11 and 12, asked by defendant.   *State v. Young, supra.*

THOMAS, J.—The defendant was sentenced to imprisonment in the penitentiary for two years by the circuit court of Sullivan county, for defiling a female under eighteen years of age confided to his care.

I.   The indictment, omitting the caption, is as follows :

" The grand jurors of the state of Missouri for the body of Sullivan county upon their oath present : That Philo F. Terry, on or about the twentieth day of July, 1888, at Sullivan county, aforesaid, being a person to whose care and protection, one Celia A. Steele was then and there confided, feloniously did defile her, the said Celia A. Steele, by then and there feloniously and carnally knowing her ; she, the said Celia A. Steele, then and there being a female under the age of eighteen years, to-wit, of the age of seventeen years, and there and then being in the care, custody and employment of the said Philo F. Terry, against the peace and dignity of the state."

It is urged that this indictment is fatally defective in not directly averring that Celia A. Steele was confided to defendant's care ; that she was under eighteen years of age, and that she remained in defendant's care, custody or employment when he defiled her, and *Buster's case*, 90 Mo. 514, is cited and relied on in support of this position. The indictment in the case cited is similar to the one under review as to the form of the averments, and that indictment was held bad, not because of the form of the averments, but for the lack of an essential averment. We think the statements are direct and specific enough in the indictment before us.

The indictment under review fails to state one essential averment in the language of the statute, the language of the statute being " while she remains in his care, custody or employment," while the language of the indictment is "then and there being in the care, custody and employment" of defendant. We deem the two statements, however, substantially equivalent to each other, and defendant could not have been misled by the averment, that he defiled the girl, she " then and there being in his care, custody or employment," instead of "while she remained in his care, custody or employment."

II. The next contention is, that the court erred in refusing to give the following instructions as prayed by defendant : " 11. The court further instructs the jury that if they should believe, and that beyond a reasonable doubt, that the defendant had sexual intercourse with Celia Steele, and that she was in his employment at the time, yet unless the jury further believe from the evidence beyond a reasonable doubt, that some person having the charge or control of said Celia Steele, by some contract or agreement with the defendant, placed said Celia Steele in his care and protection, and that the defendant undertook or agreed to care for and

protect her, then the jury are bound to find the defendant not guilty.

"12.   If the jury believe from the evidence that the prosecuting witness, Celia Steele, was employed by the defendant or his wife as a hired girl, and that while living at the defendant's in that capacity, and that only, she had sexual intercourse whereby she became pregnant, then, under that state of facts, the jury cannot convict the defendant, whether the defendant had sexual intercourse with said Celia Steele, or whether she had such intercourse with some other person."

These instructions present to this court two new questions in connection with the crime defined by the section of our statute under which this indictment was drawn.   These are, *first*, does a simple employment as a domestic servant in the family of the accused constitute a confiding to his care or protection within the meaning of the statute ? and, *second*, if so, is the intervention of a *third person* in making the contract of employment essential ?

The section as it now stands, and as it has stood since the revision of 1879, is as follows : "If any guardian of any female under the age of eighteen years, or any other person to whose care or protection any such female shall have been confided, shall defile her by carnally knowing her while she remains in his care, custody or employment," he shall be punished, etc., etc.   In 1874 the construction of this section was before this court in *Arnold's case*, 55 Mo. 89, and it was then held that a simple employment was not a confiding to the employer's care within the meaning of the section as it then stood.   At the next revision, however, after this ruling, the general assembly amended the section by inserting in it the words, "while she remains in his care, custody or employment."   The amendment is awkwardly expressed, but the evident intent of the legislature was to meet the decision in the *Arnold case*, and to extend the protection of the statute to girls who

were simply employed as domestic family servants. If it has not this operation, it has no significance whatever. This is the clear intimation of the meaning of this amendment as given by this court in *Young's case*, 99 Mo. 284.

There is a relation of confidence and trust between master and servant that does not exist between strangers. A master has more opportunities to accomplish his purposes when the girl lives and works in his own house, than when she is elsewhere, and it was no doubt the intent of the statute to give protection to females, who, not having reached years of maturity, are compelled to leave their homes and home influences and parental care and protection, and work out for a livelihood, and to shield them from the new temptations that thus environ them.

It is argued again that, if the girl hired herself to defendant, he could not commit the crime with her. We do not concur in this. We hold that the girl, without the intervention of mother, father or guardian, could create the relation of confidence within the meaning of the section quoted, by making the contract of hiring. The question is, not how the relation was formed, but did it exist in fact? The conclusion is, the instructions under review were properly refused.

III. It is contended that the court erred in instructing the jury that if they found the girl was confided to defendant's care or protection by her widowed mother, that was sufficient. To understand this point correctly, it will be necessary to refer to the evidence. It appears from the bill of exceptions that the girl was seventeen years old at the time of her alleged defilement by defendant; that she first went to work for him when she was twelve years of age, and worked off and on for him in his family till August, 1888; when she first went there to work, nothing was said about wages, but she staid there as one of the family. Her mother was a widow when the girl first worked for defendant, but

married soon afterwards.   In March, 1888, she made a contract with defendant to work for him till after harvest for a cow.   The instruction of the court under the evidence was erroneous in authorizing a conviction on the theory that there was a *continuing* relation of confidence between the girl and defendant by virtue of what the widowed mother did some four or five years prior to the alleged defilement, for that is what the instruction meant by referring to the confiding by the widowed mother, she having married the second time five years prior to the trial in November, 1889.   The evidence shows well-defined breaks in her employment by defendant, and hence it was error for the court to authorize a conviction upon the assumed continuance of the confidential relation growing out of such employment.   But in this case, this error was harmless.   That the girl was hired to defendant, and lived and worked in his family at the time of the alleged defilement, is clearly shown by the evidence on the part of the state, and, besides that, the defendant went on the stand and testified positively to the hiring and to her living in his house.   The relation of confidence covering the time of the alleged defilement under our construction of the statute was not only proved by the state, but admitted and conceded by defendant, and hence it was immaterial whether this relation continued five years, or originated in March, 1888.   The essential point being that it must exist at the time of the defilement.

IV.   Mrs.   Terry, defendant's wife, testified on behalf of her husband, that Celia Steele admitted to her before she left their house that she had had intercourse with another man, and, in rebuttal, the state offered and read in evidence over the objections of defendant a letter from her to Celia, written after she left, in which she expresses the most cordial feelings towards the former servant.   The letter was presumably admitted

for the purpose of discrediting Mrs. Terry's evidence in regard to Celia's admission of improper relations with another man, and for that purpose it was admissible. The contents of the letter, however, might tend to prove the close and intimate relations existing between the girl and defendant's family. But holding as we do that the employment of the girl by the defendant and her living in his home was a confiding to his care within the meaning of the law, and this being admitted and conceded by defendant, the letter could not have injured him, even if considered by the jury for the purpose last named.

The court very fully and fairly instructed the jury as to all the questions of law arising in the case, and, after a careful perusal of the evidence, we cannot see how the jury could have done otherwise than convict the defendant.

The judgment is affirmed, all of this division concurring.