THE STATE, *Plaintiff in Error*, v. ARNEWINE.

Division Two, February 12, 1895.

1. **Criminal Practice:** MURDER: INDICTMENT. It is not necessary for an indictment for murder to describe the wound, nor to state the particular part of the body on which it was inflicted.

2. ———: ———: ———. The indictment in this case *held* to sufficiently charge that the act of wounding was feloniously, willfully, etc., done.

*Error to Henry Circuit Court.*—HON. JAMES H. LAY, Judge.

REVERSED AND REMANDED.

*R. F. Walker* and *W. B. Skinner* for the state.

(1)  The indictment is sufficient and alleges every substantive fact necessary to establish the guilt of the defendant.  R. S. 1889, sec. 4115; *State v. Turlington*, 102 Mo. 642; *State v. Burns*, 99 Mo. 471; *State v. Meyers*, 99 Mo. 107; *State v. Anderson*, 98 Mo. 461. (2) Where the technical words necessary to correctly define the offense have been used in charging the assault, and the words "then and there" connect such technical words with the allegation of the fatal stroke and other substantial averments, the indictment will be held to be sufficient to indicate the crime and person charged, and free from any defect or imperfection tending to the prejudice of the substantial rights of the defendant.  R. S. 1889, sec. 4115; *State v. Steeley*, 65 Mo. 218; *State v. Herrell*, 97 Mo. 105. (3) The indictment properly alleges an assault, the nature thereof, and a mortal wounding of the deceased, and that he died of such wound within a year and a day.  This is all that is necessary.  It is submitted that the indictments in *State v. Blan*, 69 Mo. 317, and *State v. Green*, 111 Mo. 585, do not do this.

*Joseph French, Thos. F. Whitney, B. T. McPherson* and *B. G. Boone* for defendant in error.

(1)  The indictment in this case is fatally defective, and the trial court committed no error in sustaining the defendant's motion in arrest.  It is not alleged in the indictment that the act of wounding was done "feloniously, willfully, deliberately, premeditatedly and of malice aforethought," nor are those terms previously employed in the indictment sufficiently or clearly connected with the act of mortally wounding.  *State v. Blan*, 69 Mo. 317; *State v. Mayfield*, 66 Mo. 125; *State*

*v. Buster*, 90 Mo. 514; 1 Bishop's Criminal Procedure, secs. 81, 86, 88, 519. (2) It is not alleged in the indictment "that with the bullet so shot out of said pistol the defendant then and there, feloniously, willfully, deliberately, premeditatedly and of his malice aforethought, did strike, penetrate and wound the said George Keeton." *State v. Green*, 111 Mo. 585; *State v. Buster*, 90 Mo. 514; *State v. Blan*, 69 Mo. 317; *State v. Mayfield*, 66 Mo. 125.

BURGESS, J.—At the May term, 1894, of the circuit court of Henry county, Missouri, the defendant was put upon his trial before a jury for killing and murdering one George Keeton. He was found guilty of murder of the second degree, but the jury failed to agree upon his punishment. Defendant then filed a motion for a new trial, which was overruled. He next filed a motion in arrest, which was as follows:

"Now comes the defendant and moves the court to arrest and set aside, for naught hold and declare the verdict and finding and judgment in this cause, for the following reasons:

"1. Because it is apparent on the face of the record in this cause that this court has, and had, no jurisdiction or authority to try this cause.

"2. Because the indictment in this case is fatally defective and insufficient, and fails to legally charge the defendant with any offense against the laws of this state.

"3. Because the indictment wholly fails to charge the defendant with the offense of which the jury found him guilty.

"4. Because the indictment wholly fails to charge the defendant with the offense and crime of murder in the second degree, and is wholly insufficient upon which to base a judgment of conviction of murder in

the second degree; and because the indictment is otherwise fatally defective, as appears on the face of the indictment."

The motion in arrest was sustained, and defendant held to answer to a new indictment, whereupon the state sued out a writ of error, and brought the case to this court. The homicide was committed in Lawrence county, where the indictment was found.

The only question before this court is as to the sufficiency of the indictment. It is objected to because it is claimed that it is not alleged that the act of wounding was done feloniously, willfully, deliberately, premeditatedly and of malice aforethought, and that those terms, as employed in the indictment, are not sufficiently or clearly connected with the act of mortally wounding. The words used in the indictment are as follows:

"That one William Arnewine, late of said county, on the twenty-eighth day of June, A. D. 1893, at said Lawrence county, Missouri, in and upon one George Keeton, then and there being, willfully, feloniously, deliberately, premeditatedly, on purpose and of his malice aforethought, did make an assault, and with a certain pistol, commonly called a revolver, loaded and charged with gunpowder and leaden balls, which he, the said William Arnewine, then and there willfully, feloniously, deliberately, premeditatedly, on purpose, and of his malice aforethought, did shoot and discharge at, to, against, in and upon the body of him, the said George Keeton, giving to him, the said George Keeton, then and there, with the pistol loaded and charged, had and held, shot off and discharged as aforesaid, in and upon the left side of the abdomen, him, the said George Keeton, one mortal wound," of which said mortal wound said Keeton died on the third day of July, 1893.

*State v. Mayfield*, 66 Mo. 125, is relied upon by defendant to sustain his contention.; but the only point decided in that case was that an indictment for murder which fails to state where or in what year the deceased died, is bad. No such defect exists in the indictment in the case at bar, which alleges that Keeton, upon whom the assault was committed, died from the effects thereof on the third day of July, 1893.

*State v. Blan*, 69 Mo. 317, is also relied upon by defendant. In that case there were several counts in the indictment, and some of them were also held bad, because they did not allege that deceased died of the wounds within a year and a day.

We are unable to perceive what application the case of *State v. Buster*, 90 Mo. 514, has to this, as that was a prosecution of a guardian for defiling his ward, and entirely unlike the one now under consideration.

The indictment, we think, sufficiently describes the manner and mode of wounding, and while not artistically drawn, is not so obscure as not to sufficiently inform the defendant of "the nature and cause of the accusation" against him. It does allege that the defendant did willfully, feloniously, deliberately, premeditatedly, on purpose, and of his malice aforethought, shoot and mortally wound the deceased, from the effects of which he subsequently, within less than one year, died, and omitted no material charge.

It is claimed that the indictment should have alleged "that with the bullet so shot out of said pistol the defendant then and there, feloniously, willfully, deliberately, premeditatedly, and of his malice aforethought, did strike, penetrate and wound the said George Keeton." It has been frequently held by this court that it is not necessary in an indictment for murder to describe the wound, or to state upon what particular part of the body it was inflicted. *State v. Ed-*

*mundson*, 64 Mo. 398; *State v. Sanders*, 76 Mo. 35. And we do not understand that a different rule is announced in *State v. Green*, 111 Mo. 585.

After alleging that the pistol was loaded and charged with gunpowder and leaden balls, and that defendant did shoot and discharge at, to, against, and upon the body of him, the said George Keeton, giving to him one mortal wound, from which he died, it further alleges that the said William Arnewine, him, the said George Keeton, in manner and by means aforesaid, willfully, feloniously, deliberately, premeditatedly, on purpose and of his malice aforethought, did kill and murder. It contains all necessary averments to constitute murder in the first degree, and, while we are unable to give it our approval, or to commend it as a specimen of good pleading, we think it sufficient, especially when considered in connection with our statute, which provides that no indictment shall be deemed invalid, nor the trial, judgment or other proceedings therein stayed, arrested, or in any manner affected "for any surplusage or repugnant allegation, when there is sufficient matter alleged to indicate the crime and person charged; nor for want of averment of any matter not necessary to be proved; * * * nor for any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits." R. S. 1889, sec. 4115; *State v. Blan*, 69 Mo. 317.

The judgment is reversed and the cause remanded, that the trial court may proceed to fix the punishment of defendant as prescribed by statute. All of this division concur.