THE STATE v. ARNEWINE, *Plaintiff in Error.*

Division Two, November 20, 1896.

1. **Appellate Practice.** It is incumbent on the party asserting error on appeal to show it.

2. **Criminal Practice:** EVIDENCE: OBJECTIONS. A party can not permit a witness to testify without objection and then, if the evidence is unfavorable to him, have it stricken out on motion.

3. ———: APPEAL: INSTRUCTIONS. Objections to the giving or refusing of instructions can not be raised for the first time on appeal.

*Error to Henry Circuit Court.*—HON. JAMES H. LAY, Judge.

AFFIRMED.

*B. G. Boone* for plaintiff in error.

(1)   The court committed error, *first*, in its rulings on the evidence, *second*, in not striking out the evidence of the witness Emma Martin. (2) The court also committed error in its rulings on the instructions. (3) The court should have instructed on the question of self-defense.

*R. F. Walker*, attorney general, and *Morton Jourdan*, assistant attorney general, for the state.

(1)   The defendant will not be heard to complain of the instructions given in this case, nor to their sufficiency, for the reason that he saved no exceptions at the time they were given, and the first complaint made was in the motion for new trial. *State v. Bosler*, 119 Mo. 417; *State v. Foster*, 115 Mo. 448. (2) Nor will the defendant be heard to complain of the action of the court in failing to give any instructions or to fully declare the law of the case for the reason that he saved no exceptions to the failure of the court to do so. *State v. Paxton*, 126 Mo. 500; *State v. Cantlin*, 118 Mo. 100. (3) The defendant complains that the verdict is against the evidence, and asserts that the evidence is not sufficient to support, warrant, or authorize the verdict. The testimony in this case shows the guilt of defendant beyond question.   It is clear, positive, and convincing. The sufficiency of testimony will not be questioned by this court except where there is a total failure of proof. *State v. Punshon*, 124 Mo. 448; *State v. Fischer*, 124 Mo. 460; *State v. Young*, 119 Mo. 495; *State v. Banks*, 118 Mo. 117.

BURGESS, J.—At the August term, 1893, of the circuit court of Lawrence county, Missouri, the defend-

ant was indicted for murder in the first degree for shooting to death with a pistol, one George Keeton at said county on the twenty-eighth day of June, 1893. On defendant's application a change of venue was awarded to the circuit court of Henry county where, upon a trial had to a jury, he was at the May term, 1894, of said Henry circuit court, convicted of murder of the second degree.

After conviction the defendant filed his motion for new trial, which was overruled. He then filed his motion in arrest, which was sustained by the court because of the insufficiency of the indictment. The state thereupon saved its exceptions and appealed to this court, where the judgment of the circuit court holding the indictment insufficient was reversed and the case remanded. See *State v. Arnewine*, 126 Mo. 567. At the next regular May term, 1895, the motion in arrest was taken up and overruled and the defendant sentenced to ten years' imprisonment in the penitentiary, which term had been fixed by the court because of failure of the jury to agree upon the punishment. In due time defendant filed his bill of exceptions, and sued out his writ of error from this court, and brings the case here for review.

The deceased, George Keeton, was the son-in-law of the defendant, Wm. Arnewine, and together with his wife, formerly Alice Arnewine, his infant child and Vina Arnewine, lived in a cabin near the home of the defendant in Lawrence county. On the evening of the twenty-eighth of June, 1893, Jesse Arnewine, the fourteen year old son of the defendant, packed up his clothes and moved over to the deceased's house to live. Between 8 and 9 o'clock that evening, and while the moon was shining, the defendant upon learning of the absence of his son, with a rawhide in his hand and a pistol in his right hip pocket, went over to Keeton's,

and at the fence across a large yard from the cabin, called to his son Jesse, who was in the house with his sister Vina and Keeton's infant child. Keeton and his wife were sitting upon the front doorstep. When the father called, deceased in turn called to Jesse and told him that his father wanted him. Jesse came out of the house and started to cross the yard to the fence where his father was, then turned and ran back into the door where Keeton was, and through the room into the back yard. Arnewine started to crawl through the wire fence for the purpose of coming to the house, and the deceased hallooed to him not to come in. Instead of obeying the injunction of the deceased, defendant climbed through the fence and continued to the house. When he got to the door deceased told him not to go into the house, and stood with his hand upon the door facing him when the defendant turned, snapped his pistol four times, and with the fifth effort discharged it, the ball taking effect in the lower portion of the abdomen of the deceased, from which wound he died some five days thereafter.

1.   The first assignment of error is, the admission of illegal, incompetent, and irrelevant evidence on part of the state against the objection and exception of defendant.   While no single instance is pointed out or called to our attention by counsel for defendant wherein such an error was committed, we have looked carefully through the record and have been unable to find a single ruling of the court upon which to predicate such contention, and following the well known rule that he who asserts error must show it, and having failed to do so, we must rule this point against the defendant.

2.   What has been said applies with equal force to the second assignment, that is, that "the court com-

mitted error in excluding legal, competent, and relevant evidence offered on the part of defendant."

3. Another assignment of error is, the refusal of the court in not striking out on motion of defendant the evidence of the witness Emma Martin who testified on behalf of the state. This witness testified, without any objection whatever to any part of her evidence, to a conversation had by her with Ida Collins the daughter of, and witness for, defendant, in which she testified to statements made by Ida which were in conflict with, and inconsistent with, what she had stated upon the trial, and after the testimony of Emma Martin had been concluded, defendant moved to strike it out because the time of the conversation was not stated by the witness, and because she stated that she did not remember the time and place.

In the absence of any objection to the testimony of the witness while she was testifying, the motion came too late and no error was committed in overruling it. A party can not, under such circumstances, sit by and permit a witness to testify without objection, and then, if the evidence given should not suit him, have it stricken out on motion. The objection should have been made at the time, and not after the evidence had been received.

4. The facts disclosed by the record showed that the defendant was guilty of murder in one of its degrees, and warranted the giving of the instructions for murder in those degrees. There was nothing to reduce the offense to manslaughter in any degree but as the defendant was not convicted of manslaughter, he is in no condition to complain of the instructions given upon that theory of the case. The error was in his favor. Besides no objection or exception was taken to the giving or refusing instructions, and such objection can not now be raised for the first time.

5.   There was no  self-defense in the case, and no
evidence upon which to  predicate an instruction upon
that theory,  hence  no  error  was  committed  by  the
court in failing  to  so  do.   The defendant seems to
have had a fair trial; his conviction is amply sustained
by the evidence, and we think the judgment should be
affirmed.   It is so ordered.   All  of  this  division con-
cur.