THE STATE v. BALCH, *Appellant.*

Division Two, November 20, 1896.

| 136 | 103 |
|---|---|
| 137 | 315 |
| 136 | 103 |
| 143 | 346 |
| 144 | 54 |
| 136 | 103 |
| 159 | 543 |
| 136 | 103 |
| 160 | 506 |
| 136 | 103 |
| 174 | �cʻ583 |

1. **Criminal Law:** INDICTMENT, DISMISSAL OF: PROSECUTION UNDER SECOND INDICTMENT.   The entry of a *nolle prosequi* to an indictment in a county to which a change of venue had been granted is not a bar to the finding of a second indictment for the same offense and the prosecution of the accused thereon.

2. **Practice:** OBJECTION TO EVIDENCE.   A general objection to evidence is insufficient where it is admissible for any purpose.

3. **Criminal Law:** ROBBERY: EVIDENCE.   Where the evidence of the prosecuting witness on a trial for robbery was to the effect that defendant forcibly took witness's watch while personating a police officer, evidence that defendant had in his possession, at the time of his arrest, such weapons as are usually carried by a police officer was competent to corroborate the testimony of the prosecuting witness.

4. ———: ———: ———.   Evidence that defendant, at the time of his arrest, had the watch of the prosecuting witness in his possession was competent.

5.  ———: ———: ———.  It is competent to show on the trial of one accused of robbery, that he had in his possession, at the time of his arrest, property acquired by robbery, other than the prosecuting witness's, as a circumstance corroborative of the inference of guilty possession of the property he is being tried for feloniously acquiring.

6.  ———: ———: ———.  On a trial for robbery evidence of another robbery committed by the defendant recently after the first, and in a similar manner, is competent as tending to show a system of criminal operations and the guilty and common intent prompting the act' on trial, and as showing defendant's method of performing such acts.

*Appeal from St. Louis Criminal Court.*—HON. HENRY L. EDMUNDS, Judge.

AFFIRMED.

*T. P. Bashaw* for appellant.

*R. F. Walker*, attorney general, and *C. O. Bishop* for the state.

(1) There is no error apparent in the record proper. The indictment is sufficient in all respects and follows approved precedents. (2) The point made on the opening of the case against the reception of any testimony is not preserved in the motion for new trial, nor is there anything apparent of record to sustain it. (3) The demurrer to the state's evidence was properly overruled; moreover, the point is not preserved in the motion for a new trial. (4) The record shows that no testimony offered on the part of the appellant was excluded by the court. (5) Objections were interposed in a number of instances to testimony on part of the state, and exceptions saved where overruled and in none of these instances is there any suggestion as to the ground of objection. It has been the inflexible rule of this court since the case of *State v. Hope*, 100 Mo. 347, that it is necessary in criminal cases as well as in civil for a party objecting to evidence to state oppor-

tunely the reason for the objection in order to preserve the ruling for review should it be adverse. (6) It was clearly competent to show that defendant at the time of his arrest had in his possession the weapons usually carried by a police officer, he having claimed to be such at the time of the alleged robbery; also that he had in his possession the property of the prosecuting witness, alleged to have been stolen, as well as other property which had been recently taken by theft or robbery at or near the same time. *State v. Moore,* 101 Mo. 316. And it is competent to introduce evidence of another offense where it and the one under review are apparently part of a system of criminal operations, and for the purpose of showing the intent with which the charged act was done. *State v. Tabor,* 95 Mo. 585; *State v. Myers,* 82 Mo. 558. Especially in view of the very peculiar defense set up in this case and the declaration made by appellant at the time of his arrest that the other watch was his own property. (7) The instructions were correct in all particulars and fully covered the law of the case.

SHERWOOD, J.—Robbery in the first degree is the charge in the indictment on which defendant was tried, the trial resulting in a conviction and sentence to imprisonment in the penitentiary for the term of five years.

Upon the impaneling of the jury defendant objected *ore tenus* to the introduction of any testimony under the indictment, his counsel stating to the court: "There is the same question in this case as there has been in a number of others. This is a case where a change of venue was taken to St. Louis county, it being *nolle pros'd* there and a new indictment found here." The objection was overruled and exception.

The testimony on the part of the state tended to

show the following:    On the evening of June 11, 1894, in Forest Park, in the city of St. Louis, one Thomas Carey, in company with a young lady of his acquaintance, was taking a walk; they had alighted from one of the Lindell railway (electric) cars, and had walked some little distance when they sat down on the grass. Defendant came up to them and drawing out a revolver from his hip pocket, said: "You are under arrest for loitering in the park; you will have to pay ten dollars or go to the station." He stated that his name was Fletcher; and that he was a police officer. Carey replied that he had no money, but he would go to the police station and leave his watch there as security. Defendant said, "No, that won't do; you must give me the watch and I will send it back to you." He had the revolver in his hand all the time, and "stuck it right up" to Carey, and because of this fact Carey surrendered his watch to defendant, who took it and went off.

On the night of June 14 (three days after the above occurrence), a police officer making his rounds in the park saw defendant with a man and woman, from whom he separated and went into a clump of cedars; on complaint of the man and woman the officer pursued defendant, arrested him and brought him to the park police station; there he gave his name as Charles Effenkamp (but was recognized by an officer there as Balch), and on searching him was found the watch of Carey (taken on the night of the eleventh), a revolver, a policeman's "billy" and another watch belonging to the man who was with the woman when the officer saw them.

Defendant offered a demurrer to the evidence at the close of the state's case, which was overruled.

The testimony on the part of defendant tended to show that he was a man of previous good character,

and a contractor for laying granitoid pavements, and that he had been out looking at a proposed job of work on the eleventh of June, and was on his way home, "stopping at several saloons and passing away the time," and passed through the park, in company with two other men; they were going singly along a pathway when they came upon Carey and the young woman lying on the grass "with their feet across the path," she with her clothing raised and he upon her, apparently in the act of intercourse; that defendant reproached them for their conduct, threatened to have them arrested and sent one of his companions for an officer, whereupon the young woman begged him not to have them arrested, and Carey offered to give him the watch if he would not have the officer called, and in fact forced the watch into his hand, he taking it then and going off; and that after leaving he remarked to his friends that he was a d—d fool for taking the watch. Defendant claimed that the second watch was obtained by him on the night of his arrest in precisely the same way, being given to him by a party whom he had caught in a compromising position with a young woman.

The state, in rebuttal, introduced a young woman named Robinson who testified (over the objection of defendant) that on the night he was arrested she was in company with one Morrow, sitting upon the grass, after a walk, when defendant came out of a clump of bushes near by and obtained the watch of Morrow under circumstances similar to those of the former case.

The court instructed the jury upon robbery in the first degree, good character and competency of defendant, credibility of witnesses and reasonable doubt, and also instructed them that they should acquit defendant if they found that he got possession of Carey's watch with his consent and without putting him in fear.

There is no error in the record proper; the indictment is in all respects sufficient.

And it was entirely immaterial whether a former indictment had been found against defendant in the same cause, a change of venue granted to St. Louis county, a *nolle* entered there and a new indictment found against defendant in the city of St. Louis. It was entirely competent for the circuit attorney to *nolle* the first indictment, and then to cause another to be found as before stated. None of these matters would form any sort of barrier to trying defendant on the second indictment.

But there is nothing of record to show that this course had been taken in the case at bar; certainly the mere making the application when the cause came on to be tried, constituted no proof of the fact that a former indictment had been found, etc.

No evidence offered by defendant was excluded by the court, and as to the evidence offered by the state and admitted, and objected and excepted to by defendant no grounds of objection were specified, and this is insufficient unless the evidence were inadmissible for any purpose.

It was competent for the state to show by evidence that defendant, at the time of his arrest in the park, had in his possession such weapons as are usually carried by police officers, as the possession of such things went to corroborate Carey in his story of the first watch transaction; and evidence was competent, also, to show that defendant had in his possession the watch of Carey, as well as the watch of Morrow, the rule of law being that where the accused has in possession *other* stolen property or property acquired by robbery, this is a circumstance corroborative of the inference of guilty possession of the particular property which he is charged with stealing or otherwise feloniously acquiring. *State*

*v. Castor,* 93 Mo. 242; *State v. Moore,* 101 Mo. 316; 3 Greenl. Evid. [14 Ed.], sec. 31; Wills, Circ. Evid., ch. 3, sec. 4.

And it was competent, also, to introduce evidence of a subsequent robbery so recently and subsequently committed and in circumstances so very similar to the one under review as to show that that one was part of a system or series of criminal operations, and this for the purpose, also, of proving the guilty and common intent which prompted the doing of the act done, and as showing defendant's manner and method of performing such acts. See *State v. Myers,* 82 Mo. 558, where the authorities on this topic are ably and exhaustively reviewed by PHILIPS, C.; 3 Rice, Crim. Evid., pp. 457–464, where the opinion in the above case is approvingly quoted almost at length.

In conclusion, the evidence afforded an amply sufficient basis for the verdict; the instructions met every issue of fact and law, and, therefore, judgment affirmed. All concur.