THE STATE v. McCLAIN, *Appellant.*

Division Two, February 2, 1897.

1. **Criminal Law:** DEFILING FEMALE UNDER EIGHTEEN YEARS OF AGE: STATUTE. On a trial under an indictment founded on Revised Statutes 1889, section 3487, for defiling a female under eighteen years of age committed to defendant's care, evidence that the first act was committed in a county other than that in which the indictment was preferred is no ground for a demurrer to the evidence where it also appears that the act was shortly thereafter repeated on several occasions in the latter county.

2. ——: ——: ——. Nor does the fact that defendant formerly had intercourse with the prosecutrix in the county other than the one in which he was indicted constitute any defense for him on the trial.

3. ——: ——: ——. The prosecutrix, a minor under eighteen years of age, made a contract with defendant by which he was to clothe, board, and send her to school; she was to stay with his wife and help the latter in her household work. *Held*, that the facts made out a case of confiding to defendant's care within the meaning of Revised Statutes 1889, section 3487, making it a felony for any person to whose care or protection a female under eighteen years of age has been confided to defile her by carnally knowing her while she remains in his care, custody, or employment.

4. ——: CONFESSIONS. Statements made by a defendant after arrest without any promises or inducements by the officer to whom they were made are admissible.

5. ——: JUDGMENT ENTERED IN ABSENCE OF PRISONER: APPELLATE PRACTICE. Where the record does not show that defendant was present, as required by Revised Statutes 1889, section 4237, when final judgment was rendered on the verdict, such judgment will be reversed and the trial court directed to enter one on the verdict rendered with the prisoner before it.

*Appeal from Vernon Circuit Court.*—HON. D. P. STRATTON, Judge.

REVERSED AND REMANDED.

*Scott & Hoss* and *Cole, Burnett & Allen* for appellant.

(1) The evidence having disclosed that the defilement of the prosecuting witness occurred in Polk county, if it occurred anywhere, defendant's demurrer to the evidence should have been sustained. The venue as laid must be shown by the proof to be in the proper jurisdiction. Constitution, art. 2, sec. 22; R. S. 1889, sec. 3986; *State v. McGinnis*, 74 Mo. 246; *State v. Smiley*, 98 Mo. 605. (2) Before defendant could be legally convicted on this indictment, of the charge of defiling the prosecuting witness, it must have appeared that she had been actually confided to his care, or pro-

tection, by some person having the power or authority so to do, and the court erred in not so declaring the law. R. S. 1889, sec. 3487; *State v. Sibley*, 132 Mo. 104 (dissenting opinion by Judge SHERWOOD); *State v. Buster*, 90 Mo. 518. The best definition of confided is, "delivered in trust." (3) Flora Coggin, being a minor, under the testimony, had no power, without the consent of her mother, to legally confide herself to defendant's care and protection. The relation required by section 3487 of the statute is a legal relation, such as guardian and ward, master and servant. (4) Sexual crimes committed without the pale of such legal relation, committed outside of the relation of guardian or ward, or an actual and affirmative confiding to the other person, are cases otherwise provided for by the statute. R. S. 1889, secs. 3480, 3484, 3487; Laws 1895, p. 149. (5) The law which defines a right, a crime, or an incapacity, excludes everything not contained in the definition as completely as if it had used regular words and said that nothing should confer the right, incur the guilt of the crime, or make one subject to incapacity, but the circumstances contained in the definition. *State v. Jaeger*, 63 Mo. 403; *State v. Stewart*, 54 Mo. 400; *Cottin v. Cottin*, 5 Mart. (La.) 99; Bishop, Stat. Crimes, sec. 194; Endlich on Interp. Stat. (1888), p. 454, sec. 329. (6) The court committed error in refusing defendant's instruction "C." The prosecuting witness having been defiled, according to her statement, in Polk county, could not again be defiled there, or elsewhere, by the same person. (7) It was an error to admit the testimony of the witness, Hopwood, to the effect that defendant, while under arrest, admitted he had committed another crime, had "seduced a young girl in Missouri." *State v. Tabor*, 95 Mo. 585; *State v. Martin*, 74 Mo. 547; 1 Archbold's Criminal Prac. and Plead. [8 Ed.], p. 385. (8) De-

fendant was not present in court, but confined in jail, when his motion for a new trial was heard and over-ruled, when his motion in arrest was heard and over-ruled, and when the judgment and sentence was rendered. No person indicted for a felony can be tried unless he be personally present during the trial. R. S. 1889, sec. 4191. A trial is not final and complete until verdict is received and judgment entered, and all proceedings had in defendant's absence are erroneous. *State v. Braunschweig*, 36 Mo. 397. It is necessary that the record show defendant was present; here it shows he was not. *State v. Braunschweig, supra,* and cases there cited. By express provision of the statute the defendant must be present in court when judgment is rendered. R. S. 1889, secs. 4237, 4238, and 4239. (9) When judgment is found by the appellate court to be erroneous the court must discharge the prisoner absolutely, or remand the case for a new trial. R. S. 1889, sec. 4298; *State v. Daniels*, 32 Mo. 558; 36 Mo. 397, *supra; State v. Barnes*, 59 Mo. 154.

*R. F. Walker*, attorney-general, *E. L. Moore*, and *H. H. Blanton* for the state.

(1) The fact that the defendant may have committed the crime in Dade county would be no bar to a prosecution for one committed in Barton county. Although Flora Coggin was unchaste when she entered Barton, yet this is no defense for McClain. When he took her to his home under his agreement with her as to clothing, school, etc., in the striking language of Judge SHERWOOD, "Unchaste to all the world beside, she must be pure to him." *State v. Strattman*, 100 Mo. 540; *State v. Rogers*, 108 Mo. 202; *State v. Winningham*, 124 Mo. 423; *State v. Sibley*, 131 Mo. 532. (2) Moreover, in sexual crimes prior acts between the par-

ties are admissible, and it is no valid objection to such evidence that it tends to prove other crimes. *State v. Young*, 99 Mo. 284. (3) It was not necessary that prosecuting witness should have been confided to defendant's care by some other person having the "power or authority." The girl herself could create the relationship, without the intervention of mother, father, or guardian, by making the contract of hiring, or the relation of care and protection; "the question is, not how the relation was formed, but did it exist in fact?" *State v. Terry*, 106 Mo. 209–215; *State v. Young*, 99 Mo. 284; *State v. Strattman*, 100 Mo. 540. (4) The court committed no error in its rulings on the evidence. (5) Under the authority of numerous decisions in this state, the conversations between defendant and prosecuting witness that in return for her staying with his wife and child at his home and helping them, he would board, clothe, and send her to school until she was married, were amply sufficient to create the relationship contemplated by the statute and charged in the indictment. *State v. Lingle*, 128 Mo. 528; *State v. Sibley*, 131 Mo. 519; *State v. Kavanaugh*, 33 S. W. Rep. 33, and 34 S. W. Rep. 842; *State v. Hill*, 36 S. W. Rep. 223; *State v. Williams*, 39 Mo. App. 43. *First.* It was not necessary that defendant be present when the motion for a new trial was overruled, and on principle the same would seem to be true of motion in arrest. *State v. Hoffman*, 78 Mo. 256, dissenting opinion of SHERWOOD, J.; *State v. Lewis*, 80 Mo. 110; *State v. Brown*, 63 Mo. 439; *State v. Underwood*, 57 Mo. 40. *Second.* The occasion for the ruling in *State v. Braunschweig*, 36 Mo. 397, cited by appellant, has been obviated by an amendment to the statute. *State v. Hope*, 100 Mo. 347.

BURGESS, J.—At the January term, 1896, of the circuit court of Barton county the defendant was in-

dicted by the grand jury of said county for defiling one Flora Coggin, a female under the age of eighteen years, who had theretofore been confided to his custody and protection. The venue was on his application changed to the circuit court of Vernon county, where a trial was had at the April term, 1896, of said court, resulting in his conviction, and the fixing of his punishment at imprisonment in the penitentiary at two and one half years. The case is before us for review upon his appeal.

Flora Coggin was fifteen years of age on the twenty-eighth day of October, 1895. She was a poor country girl having lived upon a farm in Dallas county all her life from the time she was a few months old. At the time she disappeared from her home in that county with defendant she was living at home with her widowed mother and a brother about eighteen years of age. The nearest schoolhouse from where she lived was about two and one half miles.

Defendant had formerly lived in Dallas county, and married a lady who was at the time living in that county. He thereafter moved to Lamar in Barton county, where he was living with his wife and child at the time of the alleged offense. He became acquainted with Flora Coggin at the house of a neighbor of her mother whom he was visiting some three years before the trial, but nothing unusual occurred between them at that time. Afterward, he again visited the neighborhood, and called at the house of Mrs. Coggin, told the family of his nice home in Lamar, of his baby, and wanted her mother to let Flora go home with him, stay at his house and go to school. To this arrangement her mother consented, but after she had started with defendant her mother followed, overtook them, and took her back against both her protest and that of defendant.

After that Flora wrote defendant one or two letters asking him to come for her, and in compliance therewith defendant appeared near her mother's house early one morning in the early part of the month of September, 1895, waved and called to her to come to him, "and said he was ready for her to come to Lamar, and for her to get ready if she wanted to go." He took her to his buggy near by, where he had it concealed, and they started across the country to Lamar. Her mother was not at home at the time and did not know that she was going. Defendant promised Flora to board, clothe, send her to school, and take care of her until she was married, if she would stay with his wife and help her about the house.

The night after they started to Lamar they traveled all night in the buggy, and some time during the night while on the road in Polk county, defendant had criminal connection with her. They reached defendant's home in Lamar about dark the next evening, where she remained about six weeks, during which time defendant had intercourse with her from two to three times per week. She became pregnant and defendant undertook to produce an abortion on her by administering to her spirits of turpentine.

About the fourteenth of October, 1895, defendant, his family and Flora, left Lamar, he sending Flora to her grandparents in Hunt county, Texas, from whose place she subsequently returned to her mother's home in Dallas county.

On the sixteenth day of November, 1895, he was apprehended by the sheriff of Barton county, Missouri, at Fort Smith, Arkansas, and while aboard a train of cars *en route* from that place to said county, and while the train was running at a rapid rate of speed, he jumped from it, and attempted to make his escape, but

was subsequently recaptured and returned to Barton county.

Upon the part of defendant there was evidence tending to show that Flora Coggin was of unchaste character at the time of the commission of the alleged offense.

After the evidence was all in, defendant asked an instruction in the nature of a demurrer thereto which was refused by the court, and defendant saved his exceptions.

It is claimed by defendant that the instruction in the nature of a demurrer to the evidence should have been given. This contention has for its predicate the fact that the prosecuting witness testified upon cross-examination that the first act of illicit intercourse between her and the defendant occurred in the county of Polk, and not in the county of Barton where the indictment was preferred.

The indictment charged the offense to have been committed in Barton county, and the evidence showed very clearly that defendant, on different occasions during the four to six weeks that the prosecuting witness was under his care at his house in that county, had criminal connection with her as often as from two to three times a week. The fact that he had theretofore, while *en route* from her home to his in another county through which they passed, and while she was under his care and protection, had carnal knowledge of her, is no sufficient reason, we think, why he should not be punished for the offense committed in Barton county. Therefore there was no error committed in refusing the instruction in the nature of a demurrer to the evidence, nor the instruction asked by defendant presenting the same theory of the case.

Under section 3487, Revised Statutes 1889, it is made a felony for any person, to whose care or protec-

tion any female under the age of eighteen years has been confided, to defile her by *carnally knowing* her while she remains in his care, custody, or employment, and the fact that defendant showed by the cross-examination of the state's witness that he had on a former occasion been guilty of a similar offense, although with her and in a different county from that in which the offense was committed for which he was under indictment and on trial, was no justification or excuse. *State v. Balch*, 136 Mo. 103. Upon the other hand, it tended strongly to show that his intention in taking the care and custody of her in the first place was to defile her, and was not for a legitimate or laudible purpose.

The evidence upon the part of the state showed that Flora Coggin had been confided to, and was in fact under the care and protection of, defendant at the time of the commission of the offense, and it makes no difference that the arrangement was made with her personally. *State v. Terry*, 106 Mo. 209; *State v. Hill*, 134 Mo. 663. Nor does it lie in defendant's mouth to say that his victim was not of contractual age at the time she confided herself to his care and protection. He can not shield himself from punishment for his wrongdoing under any such defense.

There was no error in refusing instruction D asked by defendant, as the same instruction, in effect, was given by the court on the part of the state. Besides, the refused instruction was objectionable in that it was directed at any juror who might have a reasonable doubt of defendant's guilt, and not to the jury as a body.

After defendant jumped from the train, and made his escape, and was subsequently recaptured at Rogers, Arkansas, by the marshal of that city, and was in his custody and that of an assistant by the name of Hopwood, he inquired of them the charge for which he was

arrested, and was told that it was rape, to which he replied, "I am not wanted for rape, it was for seducing a young girl in Missouri." Counsel for defendant moved to exclude the testimony upon the following grounds only: "Because what defendant said was after he was arrested and in charge of the officers; and for the reason that he was informed that the charge against him was rape."

After the officers having him under arrest made the further statement that no promise was made or any inducements of any kind offered defendant to make the statement, but that it was entirely free and voluntary upon his part, the court overruled the objection, and in this defendant claims error was committed. As there was no legal ground upon which to bottom the motion it was properly overruled. *State v. Patterson*, 73 Mo. 695; *State v. Phelps*, 74 Mo. 128; *State v. Hopkirk*, 84 Mo. 278; *State v. Robinson*, 117 Mo. 649.

All the instructions given upon the part of the state are criticised by defendant, but no substantial objection is found to exist against any of them. They seem to be in harmony with the adjudications of this court with respect to offenses committed under the same statute, and in so far as we have been able to discover, free from just criticism.

A final contention is that the defendant was not present in court, but was confined in jail when his motions for new trial and in arrest were overruled, and when the judgment was rendered and sentence passed upon him.

Whatever may be the facts outside of the record with regard to this contention, the record shows that defendant was not only out on bail, but that he was present at the time the verdict was received by the court, and *does not* show that he was in jail at any time thereafter.

It does not affirmatively show, however, that he was present when final judgment was rendered on the verdict, as required by section 4237, Revised Statutes 1889. That section provides that, "for the purpose of judgment, if the conviction be for an offense punishable by imprisonment, * * * the defendant must be personally present."

The statute seems to be mandatory, but as no error was committed during the trial of the cause up to the time of the rendition of the judgment, which relates to a part of the case which comes after verdict, the cause will be remanded upon that ground only, and the trial court directed to enter judgment and sentence upon the verdict rendered, having the prisoner before the court at the time. *Jewell v. Commonwealth*, 10 Harris, 94; *McCue v. Commonwealth*, 78 Pa. St. 185; *State v. Snyder*, 98 Mo. 555. All of this division concur.

