State v. Phillips.

THE STATE v. PHILLIPS, Appellant.

Division Two, February 26, 1901.

1. **Evidence of Similar Crime:** INTENT. Acts of the defendant similar to the one for which he is being tried, if committed about the same time, are admissible for the purpose of showing the intent with which the act was done. In this case it was shown that defendant, ten days after he stole the cow of the prosecuting witness, also stole three other cows in the same neighborhood and sold them to the same person. *Held*, that evidence of this theft was admissible as tending to show that defendant took the cow of the prosecuting witness with criminal intent, and to show that he did not buy her from another person as he claimed.

2. **Practice:** IMPROPER REMARKS BY PROSECUTING ATTORNEY. Where defendant's guilt is conclusively shown, the case will not be reversed because of the improper remarks of the prosecuting attorney in addressing the jury.

Appeal from Jackson Criminal Court.—*Hon. Jno. W. Wofford,* Judge.

AFFIRMED.

I. B. *Kimbrell,* J. S. *Brooks* and H. S. *Kimbrell* for appellant.

(1)   Evidence of other alleged crimes in the trial of a criminal cause is incompetent; and the testimony in regard to the Hudspeth cattle should have been excluded.  Buck v. State, 38 S. W. 993; Shears v. State, 46 N. E. 331.   (2) The language of the prosecuting attorney, "This is an alibi defense, the felon's defense, the thief's defense," was improper, and the refusal of the court to direct the jury to disregard the language was error.   State v. Warford, 106 Mo. 55; State v. Young, 99 Mo. 666; State v. Jackson, 95 Mo. 623; State v. Reed, 71 Mo. 200; State v. King, 64 Mo. 591; State v. Warton, 74 Mo. 547.   (3)   The language of the prosecuting attorney that, "the best test in this matter is when a man takes the witness stand and refuses to answer because it might incriminate himself," was improper, and the court should have directed the jury to disregard the language when they should consider of their verdict.

*Edward C. Crow,* Attorney-General, and *Sam B. Jeffries,* Assistant Attorney-General, for the State.

(1)   It is insisted by defendant that evidence of other crimes in the trial of a case is incompetent; the court will observe that in the trial of the case it developed that defendant, at the same time the crime charged in the indictment was committed, stole some cattle from a man by the name of Hudspeth.   In explanation of his possession of the stolen property, he stated to some of the witnesses that he purchased the Harris cow from a gentleman by the name of Cole, and the Hudspeth cattle from one Johnson, while to other witnesses he said he purchased the Harris cow from Johnson and the Hudspeth cow from Cole.   This evidence of larceny of the Hudspeth cattle was therefore introduced for the purpose of throwing light upon his possession and the criminal manner of coming into

State v. Phillips.

possession. For that purpose it was competent, and the court so instructed the jury. (2) The language of the prosecuting attorney, "This is an alibi defense, the felon's defense, the thief's defense," made in argument to the jury, is assailed. While it may be the language employed should not have been used, yet upon a consideration of the entire case, this court can not say that reversible or prejudicial error was committed. So long as the prosecuting attorney keeps within the record, he has the right to select his own words and line of argument from general information and experience derived from practice in criminal cases. His want of logic is not sufficient to reverse the case. In fact, the proper control of his language and argument is left to the good judgment and discretion of the trial court, and only upon the clearest showing that the discretion has been abused should there be a reversal for this cause. State v. Emory, 73 Mo. 463; State v. Griffin, 87 Mo. 615; State v. McNamara, 100 Mo. 100. The objection is too trivial to demand serious consideration. State v. Findley, 101 Mo. 225; State v. Musick, 101 Mo. 273. Here the prosecuting attorney simply told the jury that the defense in this case was an alibi; that it was the "felon's defense, the thief's defense." The objection is of no consequence, as the jury could not possibly have been unduly influenced thereby.

BURGESS, J.—At the September term, 1899, of the criminal court of Jackson county, the defendant was convicted and his punishment fixed at two years' imprisonment in the penitentiary, under an indictment theretofore presented by the grand jury of said county charging him with grand larceny in stealing a cow, on the eleventh day of May, 1898, the property of one Charles Harris. After an unsuccessful motion for a new trial defendant appeals.

The evidence showed that on the night of May 11, 1898, defendant stole from the pasture of one Charles R. Harris, several miles from Kansas City, Missouri, in Jackson county, two cows, which he drove to that city and on the morning next following sold to the firm of Fish, Tower & Doyle. Harris went to Fish, Tower & Doyle's place of business on the same day, and learned that one of the cows had been sent to pasture in Kansas about ten miles from Kansas City. He then went to the pasture and found her, identified her as his cow, and in a few days thereafter took possession of her. It was also shown that about the twenty-first day of April, 1898, defendant stole from one W. N. Hudspeth, in the same neighborhood, three milk cows, and disposed of them to the same parties.

Defendant testified that he bought all the cows in Kansas City, Missouri, the Harris cows from a man whom he did not know, but who said his name was Owens, and the Hudspeth cows from a man whom he did not know, but who said that his name was Johnson, and that he would know the men if he were to see them.

Defendant's first complaint is that error was committed in admitting evidence of the theft of the Hudspeth cattle.

As a general rule, evidence of a separate and distinct offense is not admissible against a prisoner upon trial for a specific offense, but acts of the defendant similar to the one for which he is being tried, committed about the same time, are admissible for the purpose of showing the intent with which the act was done. [State v. Myers, 82 Mo. 558; State v. Bayne, 88 Mo. 604; State v. Minton, 116 Mo. 605; State v. Balch, 136 Mo. 103]. It follows that the evidence of the theft of the Hudspeth cattle was properly admitted as tending to show that defendant took Harris's cows with a criminal intent, and that he did not buy them from another person as claimed by him.

That the remarks of the prosecuting attorney in addressing the jury, were beyond the bounds of legitimate argument, and should not have been permitted, is without question, and if the case were a close one, or there was any doubt in our minds as to defendant's guilt, we should not hesitate to reverse the judgment upon that ground alone, but as defendant's guilt was conclusively shown, we must decline to do so.

There was no error in giving the tenth instruction on the part of the State, nor in refusing the first, second and fourth instructions asked by defendant, as those that were given fully covered every phase of the case, and were very fair to defendant.

Finding no reversible error in the record, we affirm the judgment. *Sherwood, P. J.,* and *Gantt, J.,* concur.