## THE STATE v. GEORGE BURK, Appellant.

### Division Two, May 23, 1911.

1. **TESTIMONY: Admissions: Made by Grandson.** Statements of defendant's grandson, made in the presence and hearing of defendant at a time he was not under restraint or duress, are admissible in evidence; and his failure to deny them at the time raises a presumption that they were true.

2. ———: **Belief of Defendant's Guilt.** Testimony by a witness that he believes defendant to be guilty is improper, but if not objected to at the time and no effort was made to have it stricken out or withdrawn, is not reversible error.

3. **VARIANCE: Not Raised by Motion.** Unless the motion for a new trial raises the question of a variance between the charge and the evidence, it cannot be considered on appeal.

4. **INSTRUCTIONS: Requiring Liquor to be Intoxicating.** The instructions in the trial of a defendant for a violation of the Local Option Law, should not require the jury to find that the beverages sold by defendant contained intoxicating liquor. If they contain some percentage of alcohol, however small,

the sale of them is illegal. It is wholly unnecessary for the State to prove, or the instructions to require the jury to find, that they were intoxicating. But if the instructions do that, they are more favorable to defendant than the law authorizes, and of that favor he cannot complain—especially where there was substantial evidence that they were intoxicating.

Appeal from Lawrence Circuit Court.—*Hon. F. C. Johnston,* Judge.

AFFIRMED.

*Parker Potter* and *J. W. Leake* for appellant.

The verdict in this case is not based upon evidence, as there is no evidence to support it, but on the other hand was founded upon prejudice created by the admission of the testimony of the witness Galbreath, relating statements made by defendant's grandson and conversations he had with other parties attacking defendant's character and reputation in advance of any such issue being raised by defendant. This is a reversible error. State v. Martin, 28 Mo. App. 530; Cape Giradeau v. Fisher, 61 Mo. App. 509. The State failed to prove that the drink sold by defendant was an intoxicating liquor, that it contained any alcohol whatever or that it was any of the known brands of beer, but proved that it was not the regular Pilsener beer, but a substitute, and was not intoxicating. The State failed to prove its charges and the court should have given the peremptory instruction asked for by defendant. Hilz v. Railroad, 101 Mo. 36. The State's attorney assumed, and the court in his examination of the witness Lou Minor approved, the theory that the State must prove that the drinks sold were, in fact, intoxicating. It was error to ignore this theory and submit the case to the jury without such proof.

*Elliott W. Major,* Attorney-General, and *Charles G. Revelle,* Assistant Attorney-General, for the State.

(1) The indictment in this cause charges the sale of intoxicating liquor, to-wit, one bottle of beer. The person to whom. the beverage was sold testified: I bought (from appellant) two cases of some kind of medium beer. It was marked Pilsener beer. Pilsener is a heavy beer and an intoxicating beer, but what I got from Burk was a very light colored beer. This was a very light beer, if it was a beer. Whether it is an intoxicating liquor or not, I could not say. I would not call it so unless a person was not used to intoxicants. The regular Pilsener beer they claim is not intoxicating.'' Upon this proof alone, and without any additional evidence to the effect that the beverage contained alcohol, the verdict of the jury would not be disturbed. State v. Heinze, 45 Mo. App. 411; State v. Hours, 36 Mo. App. 273; State v. Effinger, 44 Mo. App. 81; State v. Watts, 101 Mo. App. 660; Briffit v. State, 16 N. W. 39; State v. Currie, 80 N. W. 475; Myers v. State, 93 Ind. 251; State v. Tisdale, 55 N. W. 903; People v. Wheelock, 3 Parker's Crim. Rep. 14. (2) The evidence shows that the beer or beverages generally handled by appellant contained from one-half of one per cent to two per cent of alcohol, while the beer sold on the occasion complained of in this prosecution was stronger and contained a greater per cent of alcohol. Within the meaning of both the dramshop and local option laws this proof established that the beer sold was intoxicating regardless of its effect upon the human system. State v. Martin, 230 Mo. 1. (3) There is no variance between the allegation in the indictment and the evidence offered in support thereof, but, if there is, it is immaterial and non-prejudicial. At the close of the State's case appellant offered a general demurrer to the evidence which the court overruled, and, thereupon, the jury

was instructed upon the theory that the alleged variance was not material to the merits of the case and was not prejudicial to the defense of the defendant. To the trial court alone belonged the duty of determining whether the variance was material, and the action of that court in overruling the demurrer and in giving the instructions it did, is equivalent to an affirmative finding that the variance was immaterial and not prejudicial, and to such finding this court will defer. R. S. 1909, sec. 5114; State v. O'Brien, 228 Mo. 404; State v. Jackson, 221 Mo. 478; State v. Harl, 137 Mo. 256; State v. Barker, 64 Mo. 285; State v. Smith, 80 Mo. 520; State v. Sharp, 106 Mo. 109; State v. Walters, 144 Mo. 347; State v. Wommack, 70 Mo. 411; State v. Sharp, 71 Mo. 221; State v. Ward, 70 Mo. 225; State v. Nelson, 101 Mo. 482; State v. Dale, 141 Mo. 287; State v. Decker, 217 Mo. 321; State v. Heinze, 45 Mo. App. 411.

BROWN, J.—Defendant was convicted of violating the Local Option Law in force in the city of Aurora in Lawrence county; and from a judgment of the circuit court of that county imposing a fine of $300, appealed to the Springfield Court of Appeals, where the judgment of the trial court was affirmed. However, as one judge of the last named court was of opinion that the law as declared by that court in this case is in conflict with prior decisions of this court and of the St. Louis and Kansas City Courts of Appeals, the case was transferred here.

The information charges the defendant with unlawfully selling "distilled, fermented and intoxicating liquor, to-wit, one bottle of beer." The instruction of the court authorized a conviction if the jury found that the defendant had sold "intoxicating liquor, to-wit, beer." The evidence shows the sale by defendant to one Lewis Minor, of two cases of a beverage labeled "Piltzner-Beer."

The evidence of witness Minor was to the effect

that Piltzner beer was a heavy, intoxicating beer, but that the particular lot he purchased of defendant was very light colored. Said witness was doubtful whether or not it would intoxicate, but thought it would not, unless the party drinking same was not accustomed to the use of intoxicating liquor. There was evidence of an admission by the defendant that the beverage sold to witness Minor was too strong to sell in a local option county, and that he did not use it in his general trade as a restaurant keeper. There was also evidence that defendant had admitted that all the beverages sold by him contained from forty one-hundredths of one per cent to two per cent of alcohol.

Defendant asks a reversal of the judgment for the following reasons:

1st.   The admission of improper evidence;

2d.   A variance between the charge and the evidence;

3d.   Improper instructions;

4th.   Lack of evidence to support a conviction.

The defendant was not sworn, and his defense, as indicated by the instructions which he requested and his cross-examination of the State's witnesses, is that the beverages which he sold were not intoxicating.

## OPINION.

I.   The evidence of statements made by the defendant's grandson are admissible, because made in the presence and hearing of defendant at a time when he was not under restraint or duress, and his failure to deny such statements at the time raises the presumption that they were true. [State v. Walker, 78 Mo. l. c. 388; State v. Swisher, 186 Mo. 1.]

The evidence of Marshal Galbraith that he believed defendant guilty, was improper, but its admission does not constitute reversible error, because not objected to by defendant and because no effort was made by defendant to have it stricken out or withdrawn from the jury.

II.  The alleged variance between the charge and the evidence is not an error of which defendant can now complain.  His motion for a new trial raises no such issue, and it is the special province of the trial court to pass on matters of variance.  [Sec. 5114, R. S. 1909; State v. Crow, 107 Mo. 1. c. 345.]

III.  The instructions on behalf of the State, as well as the one given on behalf of the defendant, required the jury, before it could convict, to find that the beverage sold by defendant was an intoxicating liquor; and were therefore more favorable to the defendant than the law demanded.  The instructions correctly announced the law, except that they cast upon the State a greater burden than the law required; but the defendant can not complain of an error committed in his favor.  [State v. Stewart, 90 Mo. 507; State v. Hunter, 181 Mo. 1. c. 337.]  In a prosecution of this character, it is only necessary for the State to prove that defendant sold a beverage which contained some percentage of alcohol, however small; and it is wholly unnecessary to furnish proof that such beverage would intoxicate those who drank it.  [Sec. 7243, R. S. 1909; State v. Martin, 230 Mo. 1.]  The words "intoxicating liquor" as used in the Local Option Law of our State embrace every kind of beverage which contains any percentage whatever of alcohol; and statutes and decisions of other states defining such words in a different manner are no longer authority in Missouri. [State v. Hanson, decided at this term, and reported at page 583 of this volume.]

IV.  There is substantial evidence on the part of the State that the beverage sold by the defendant to witness Lewis Minor not only contained alcohol, but was of a quality which would intoxicate.

The record of the trial court contains no reversible error, and its judgment is therefore affirmed.

*Kennish, P. J.,* and *Ferriss, J.,* concur.