**STATE of Missouri, Respondent,**

v.

**A. V. MATHEWS, Appellant.**

No. 47326.

Supreme Court of Missouri,

Division No. 1.

Oct. 12, 1959.

On Motion to Amend Transcript and to Modify Opinion Nov. 9, 1959.

James S. Simrall, Jr., Liberty, for appellant.

John M. Dalton, Atty. Gen., John W. Inglish, Asst. Atty. Gen., for respondent.

COIL, Commissioner.

A jury found the defendant A. V. Mathews guilty of molesting a minor and fixed his punishment at 60-days' imprisonment in the county jail and a fine of $500. He contends on appeal from the ensuing judgment that the trial court erred in overruling his motion for judgment of acquittal, in the giving and refusing of instructions, and in permitting allegedly prejudicial jury argument by the state's attorney.

The evidence, considered favorably to the state, justifies the following statement. Prosecutrix, an 11-year-old girl (12 at trial time), was swimming with her girl cousin in a pool at Excelsior Springs on July 13, 1957. Prosecutrix was being carried on the back of her cousin when defendant approached them and, stating that he could not swim, put his hand between her legs and also put his hand between her friend's legs. Prosecutrix and her friend hit at him and got away, and, after swimming for awhile without further event, left the pool when they saw defendant again approaching them. A member of the Excelsior Springs police force, who was at the pool for the specific purpose of observing the defendant, saw him go to the prosecutrix and her friend and grab them, and saw the girls slap at him and get away. A little girl, about seven at the time, said that on that same day (July 13, 1957) defendant "stuck his hand up my swimming suit" while she was in the water and that on a prior occasion, when she was at the defendant's residence, he had tried to get her to pull down her pants. A special police officer of Excelsior Springs saw the defendant put his hand under the swimming suit of the 7-year-old girl. An 11-year-old boy, the brother of the 7-year-

old witness, said that on a prior occasion defendant had pulled him under a porch and there exposed himself to the witness.

Defendant's testimony was to the effect that his only experience with the prosecutrix and the girl with whom she was swimming was an attempt to save them from apparent drowning and that he had immediately released his hold on them when he discovered that they were joking about drowning. He denied the other incidents recounted by the witnesses.

Defendant contends in his brief that the court erred in refusing to sustain his motion for judgment of acquittal at the close of all the evidence, and also, as a separate contention, that the state failed to prove the corpus delicti. In reality, under the circumstances of the present case, both assertions amount to only one contention, viz., that the state's evidence was insufficient to sustain the conviction.

■ Section 563.160 RSMo 1949, V. A.M.S., provides in part, "Any person who in the presence of any minor, * * * shall take indecent or improper liberties with such minor; * * * shall upon conviction be punished by imprisonment in the penitentiary for a period not exceeding five years, or be punished by imprisonment in the county jail for a period not exceeding one year, or be fined in a sum not to exceed five hundred dollars or by both such fine and imprisonment." It seems abundantly clear that an adult male who places his hand between the legs of a female minor has taken an indecent or improper liberty with such minor, provided that his act in so placing his hand is done in an obscene or indecent manner or, in other words, with an immoral intent. There was direct testimony that defendant placed his hand between the legs of prosecutrix and there were circumstances adduced in evidence with respect to acts by defendant toward other minors from which a jury reasonably could have found that defendant's act in placing his hand between the legs of minor prosecutrix was

done in an obscene and indecent manner and not accidentally or innocently. Consequently, we hold that the evidence was sufficient to make a submissible issue as to whether defendant was guilty of molesting prosecutrix in violation of the provisions of Section 563.160, supra. State v. Klink, 363 Mo. 907, 254 S.W.2d 650, 655; State v. Kornegger, 363 Mo. 968, 255 S.W.2d 765, 768 [8].

■ We shall consider defendant's second and third assignments together. Defendant's second point is that the trial court erred in giving instruction 2 because, by virtue of it, the jury was authorized to find defendant guilty if it found that he placed his hands between the legs of prosecutrix, while the information charged that defendant took "indecent liberties with said minor by placing his hands on her private parts with immoral intent," and thus, says defendant, the instruction "was a material variance from the information." (In so far as defendant attempts to charge the trial court with error in giving instruction 2 as such, the point has not been preserved for appellate review because defendant's motion for new trial contains no complaint concerning that instruction.) Defendant's third point is that the trial court erred in refusing to give defendant's instruction A which was a converse instruction and authorized the jury to acquit the defendant unless it found, inter alia, that defendant had taken indecent liberties with the minor prosecutrix "by placing his hands on her private parts with immoral intent." The trial court gave a converse instruction authorizing an acquittal unless the jury found the facts to be as hypothesized in instruction 2, which, as noted, authorized a conviction if the jury found defendant took indecent liberties by placing his hands between the legs of prosecutrix.

It seems apparent that the trial court did not err in giving instruction 2 or in refusing instruction A unless it is because of defendant's contention that instruction 2 constituted a "material variance from the in-

formation." We shall assume, favorably to defendant, that his point on appeal, considering assignments 2 and 3 together, is that there was a fatal variance between the information and the proof in that the information charged that defendant took indecent liberties by placing his hands on prosecutrix' private parts with immoral intent while the evidence showed and instruction 2 authorized the jury to convict if it found that defendant took indecent liberties by placing his hands between prosecutrix' legs in an obscene and indecent manner.

■ We are of the opinion that defendant has failed to preserve any question of variance between the information and proof for our review. That is because defendant failed, prior to the submission of the case to the jury, to inform the trial court in a direct and understandable manner that he was contending that there was a material variance between the information and the proof. (In fact, defendant's motion for new trial does not even contain such an assertion.) Under the provisions of Supreme Court Rule 24.02, 42 V.A.M.S., the trial court is authorized to permit an amendment of an information at any time prior to verdict if no additional or different offense is charged and if substantial rights of defendant are not thereby prejudiced. In the instant case defendant did not raise the question of variance and thus did not give the trial court an opportunity to determine whether to permit an amendment of the information so that the manner in which the indecent liberty was charged to have been taken would correspond with the proof in that respect. Clearly, it was a matter for the trial court in the first instance and in the absence of some action by defendant which afforded the trial court an opportunity to pass upon the question, the assignment is not before us for appellate review. State v. Fike, 324 Mo. 801, 24 S.W.2d 1027, 1030. See also State v. Burk, 234 Mo. 574, 579, 137 S.W. 969, 970 [3]. We observe that inasmuch as the evidence was sufficient to sustain a jury finding that on the day charged in the information defendant did take an indecent liberty with

a minor in violation of Section 563.160, supra, it does not readily appear that the trial court, under the circumstances of the instant case, would have erred in permitting the information to be amended in so far as it charged the manner in which the indecent liberty had been taken. We do not pass on that question, however, for the reason heretofore noted.

■ Defendant's final contention that the court erred in permitting "prejudicial and inflammatory argument" by the prosecuting attorney has not been preserved for our review. The only assignment in defendant's motion for new trial pertaining to argument is that "the court permitted argument by the Prosecuting Attorney, over the objection of counsel for the defendant, which argument was highly inflammatory and prejudicial and that said court failed and refused to dismiss the jury upon the motion of the defendant." That assignment does not specify what portions of the argument defendant claimed were improper and objectionable. His general reference to "highly inflammatory and prejudicial" argument does not constitute a sufficiently definite assignment to meet the requirements of Supreme Court Rule 27.20. State v. Farris, Mo., 243 S.W.2d 983, 988 [10].

We have reviewed those record matters which we are required to examine by Supreme Court Rule 28.02. We find no prejudicial error with respect to the sufficiency of the information or verdict. Supreme Court Rule 27.08 mandatorily requires a defendant who has been convicted of a felony to be personally present when sentence and judgment are pronounced. The instant record does not show that defendant was personally present when sentence and judgment were pronounced. The error noted requires only that the case be remanded so that sentence and judgment may be pronounced according to law. State v. McClain, 137 Mo. 307, 316, 38 S.W. 906, 907; State v. Taylor, Mo.App., 200 S.W.2d 538, 539 [5] [6].

The judgment is reversed and the case remanded with directions to the trial court to pronounce and enter sentence and judgment on the verdict rendered when the defendant is personally present.

HOLMAN and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.

### On Motion to Amend Transcript and to Modify Opinion

The opinion herein pointed out that the transcript failed to show that defendant was personally present when the sentence and judgment were pronounced as mandatorily required by Supreme Court Rule 27.08. Consequently, we reversed the judgment and remanded the case with directions to the trial court to pronounce and enter sentence and judgment on the verdict rendered when the defendant was personally present.

The state's motion to amend and modify is accompanied by a certified copy of the judgment and sentence actually rendered and entered by the trial court, which affirmatively shows that defendant was personally present at the time the sentence and judgment were originally pronounced, and the motion avers that such fact was not shown in the transcript filed here "through a clerical error and omission." The state requests that the transcript be amended to include the certified copy of the sentence and judgment and that our opinion be modified in such a way as to effect an affirmance of the judgment rendered and entered in the trial court. An affidavit attached to the state's motion indicates that a copy thereof was mailed to defendant's attorney on October 16, 1959. Nothing in opposition has been filed by or on behalf of the defendant.

The state's motion to amend and modify is sustained and the transcript is amended to include the certified copy of the judgment and sentence and our order reversing the judgment and remanding the case with directions is set aside and the judgment heretofore rendered and entered in the trial court is affirmed.